IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, ) ) ) Plaintiff, ) ) v. ) ) LUCENT TECHNOLOGIES, INC., ) ) Defendant. ) | Civil Action No. 4:06cv606CAS |

## CONSENT DECREE

Plaintiff Equal Employment Opportunity Commission instituted this action alleging that Defendant Lucent Technologies Inc. ("Lucent") discriminated against one of its employees, Thomas Cross, then age 55, by terminating him because of his age in violation of Section 4(a)(1) of the Age Discrimination in Employment Act, 29 U.S.C. § 623(a)(1).

For the purposes of settlement and compromise only, the parties have advised the Court that they wish to resolve the instant controversy ("the Lawsuit") without the expense, delay, and burden of further litigation, in the interests of judicial economy, without Lucent admitting any wrongdoing or liability;

THEREFORE, it is the finding of this Court, made on the pleadings, the record as a whole, and upon agreement of the parties, that: (i) this Court has jurisdiction over the parties to and the subject matter of this action, (ii) the requirements of the ADEA will be carried out by the implementation of this Decree, (iii) this Decree is intended to and does resolve all matters in controversy in this lawsuit among all the parties, and (iv) the terms of this Decree constitute a fair and equitable settlement of all issues in this lawsuit.

IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED as follows:

## I. General Provisions

1. This Decree is being entered with the consent of the parties for purposes of settlement and shall not constitute an adjudication on the merits of this lawsuit or be construed as an admission by Lucent of any violation of the ADEA, or any executive order, law, rule or regulation dealing with age discrimination in employment, the same being expressly denied.

2. Lucent shall not discriminate against Missouri-based employees 40 or older by terminating their employment because of their age.

3. Lucent shall not discriminate or retaliate against employees because they have opposed any practices alleged in this action as unlawful under the ADEA, have participated in an investigation conducted under these laws with respected to this complaint, have participated in this lawsuit, or have benefited in any way as a result of this Decree.

## II. Relief for Aggrieved Person

1. Within thirty (30) days after the date that (a) the Court approves this Decree; (b) Mr. Cross executes a private release with Lucent, and (c) Mr. Cross furnishes Lucent with his completed IRS W-9 form, whichever is later, Lucent shall pay Mr. Cross the total sum of $195,000.00 as and for full compensation for the claim made in the complaint in this lawsuit. Half of this sum shall be subject to withholdings and deductions and will be reported on an IRS form W-2. Mr. Cross shall be responsible for paying the employee's portion of FICA on this amount. Lucent shall be responsible for paying the employer's portion of FICA on this amount. The other half shall be reported on an IRS form 1099. Lucent does not represent what taxes, if any, need to be paid by Mr. Cross; it is his responsibility to make the necessary payments, if any, that may be required under this paragraph and the following paragraph.

2. Lucent shall pay Mr. Cross the total sum of $250.00 to obtain the advice of private counsel concerning Lucent's private release. This amount also will be subject to an IRS form 1099.

3. Within thirty (30) days after the date that the Court approves this Decree, Lucent will remove from Mr. Cross's personnel file any documents concerning his termination and the skills assessment performed in connection with his termination. Lucent shall provide to counsel for the EEOC a copy of Mr. Cross's personnel file. Lucent may, however, retain its records concerning Mr. Cross's termination, including his skills assessments, elsewhere.

### III. Non-Discrimination Provisions

1. Lucent shall not discriminate against persons in Missouri on the basis of age, 40 and over, in the firing, evaluation, or any other term or condition of employment of any of its employees. Lucent understands that the ADEA prohibits discrimination based on age.

2. Within thirty (30) days after the date that the Court approves this Decree, the Human Resources EO/Diversity Vice President of Lucent shall distribute a message to all its employees in Missouri stating that Lucent prohibits age discrimination and that such conduct will not be tolerated by Lucent. Further, the message shall state that employees who engage in discrimination based on age risk losing their jobs, that all employees are encouraged to report age discrimination of which they become aware or to which they believe they have been subjected, and that employees who make such reports will not be subject to retaliation.

3. Lucent shall review its existing equal opportunity policies against age discrimination to ensure that they adequately state the company's position that it prohibits age discrimination. Lucent shall ensure that such policies contain adequate compliance procedures

3

and enforcement mechanisms and make modifications necessary, if any, to bring them into compliance with this Decree.

4.  Within ninety (90) days after the date that the Court approves this Decree, Lucent will cause all Lucent human resources, management and supervisory employees involved in any way in the decision to terminate Mr. Cross from Lucent, and all Lucent human resources, management and supervisory employees in Missouri to receive two and one half (2.5) hours of training on the requirements of the ADEA.

5.  Within thirty (30) days after the date that the Court approves this Decree, Lucent shall instruct all its Missouri managers and supervisors that the effective handling of equal employment opportunity issues is an important element of manager and supervisor job duties, and that performance in this area will be considered when determining eligibility for awards, raises, transfers and promotions.

## IV. Posting and Policies

1.  Lucent shall immediately post and cause to remain posted the posters required to be displayed in the workplace by EEOC regulation 29 C.F.R. §1601.30 in visible locations in all of its populated Missouri facilities.

2.  Lucent shall immediately post and cause to remain posted copies of the notice attached hereto as Exhibit A in a visible location in all of its populated Missouri facilities for a period of one (1) year from the date that the Court approves this Decree.

## V. Reporting and Access

1.  Within sixty (60) days after the date that the Court approves this Decree, Lucent shall forward to the EEOC's Regional Attorney in its St. Louis District Office a letter signed by

its Human Resources EO/Diversity Vice President confirming compliance with the requirements of Sections II; III, 2-5; and IV, 1.

2. Within thirty (30) days after the date that the Court approves this Decree, Lucent shall prepare and submit to the EEOC's Regional Attorney in its St. Louis District Office a letter stating that the notice has been posted as required by Section IV, 2. Lucent shall enclose a copy of the notice with the letter.

3. Every six months after the date that the Court approves this Decree for the term of the Decree, Lucent shall submit a report to the EEOC's Regional Attorney in its St. Louis District Office setting forth the following information:

    a. the age and title of each person employed by Lucent in Missouri at any time during the reporting period; and

    b. the date of hire and date of termination, if applicable, for each person employed by Lucent in Missouri at any time during the reporting period;

Upon written and reasonable request, Lucent shall provide the name of each such employee identified.

4. During the term of this Decree Lucent shall allow representatives of the Commission to conduct a reasonable review of Lucent's compliance with this Decree at Lucent by inspecting and photocopying at the EEOC's expense relevant documents and records, interviewing employees and management officials on their premises, and inspecting the Lucent premises. Such review of compliance shall be initiated by delivering written notice to Lucent's attorney of record at least five business days in advance of any inspection of Lucent's documents or premises.

## VI. Term and Effect of Decree

1.  By entering into this Decree the parties do not intend to resolve any charges of discrimination other than the charge filed by Mr. Cross that created the procedural foundation for the complaint in this case.

2.  This Decree shall be binding upon the parties hereto, their successors and assigns.

3.  This Decree shall be in force for a period of two (2) years. During the Decree's term, the Court shall retain jurisdiction of this cause for purposes of enforcement.

4.  The parties shall bear their own costs.

### VII. Miscellaneous Provisions

1.  In the event that the EEOC believes that Lucent violated this Consent Decree, it will promptly notify Lucent's Corporate Counsel at Lucent Technologies Inc., 600 Mountain Avenue, Room 3A-509, Murray Hill, New Jersey 07974, with notice as to the purported violations. The EEOC shall give Lucent a reasonable opportunity to respond and, if necessary or appropriate, to correct the deficiencies prior to seeking enforcement of this Consent Decree.

2.  This Consent Decree and the general release described in Section II.1 of this Consent Decree reflects the entire agreement reached among the parties. There is no other agreement except as stated herein. It may not be changed unless the change is in writing and signed by duly authorized representatives of the parties to the respective agreement and, with respect to the Consent Decree, so ordered by this Court.

IT IS SO ORDERED

_____
United States District Judge

Date: 4/16/07

6

BY CONSENT:

FOR PLAINTIFF EEOC:

Robert G. Johnson
Regional Attorney

Barbara Seely
Supervisory Trial Attorney

Anne E. Gusewelle
Senior Trial Attorney
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Kansas City Area Office
Gateway Tower II
4th and State Avenue, 9th Flr.
Kansas City, KS 66101
(913) 551-5844 (tel.)
(913) 551-6957 (fax)

FOR DEFENDANT LUCENT
TECHNOLOGIES INC.

Amy J. Traub
EPSTEIN BECKER & GREEN, P.C.
250 Park Avenue
New York, NY 10177
(212) 351-4500 (tel.)
(212) 878-8712 (fax)

7

## EXHIBIT A

## NOTICE TO EMPLOYEES

This notice is being posted pursuant to a Consent Decree entered to resolve a claim of discrimination on the basis of age made by an employee age 55 raised in the case of EEOC v. Lucent Technologies Inc. on file in the United States District Court for the Eastern District of Missouri.

Federal law prohibits discrimination against any employee or applicant for employment because of the individual's disability, race, national origin, color, religion, sex or age (forty and over) with respect to hiring, promotion, firing, compensation, or other terms, conditions or privileges of employment. It also prohibits retaliation against employees because they have opposed practices they believe discriminate on the basis of disability, race, national origin, color, religion, sex or age (forty and over), or because they have filed charges with the EEOC or participated or cooperated with an EEOC investigation.

In particular, Federal law prohibits an employer from discriminating against employees based on age (forty and over) by terminating an employee because of his or her age. Lucent Technologies Inc. will comply with Federal law in all respects and will not take any action against employees because they have exercised their rights under the law.

8